IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANDY WILLIAMS MANGUAL-GARCIA<br>Petitioner<br>vs<br>UNITED STATES OF AMERICA<br>Respondent | CIVIL 08-2241CCC |

**OPINION AND ORDER**

Before the Court is the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence filed by Petitioner Andy Williams Mangual-García ("Petitioner" or "Mangual-García") on September 24, 2008 (docket entry 1). Petitioner, a prisoner appearing pro se, also filed a supporting brief (docket entry 2). Respondent filed a Response to the Petition on July 17, 2009 (docket entry 8), to which Petitioner then filed a Reply in Opposition on July 31, 2009 (docket entry 10). For the reasons discussed below, the Petition is **GRANTED IN PART AND DENIED IN PART**.

**I. BACKGROUND**

On February 23, 2004, a Federal Grand Jury returned a two-count Indictment against Petitioner Mangual-García and three (3) other co-defendants (Cr. D.E.2).[1] Count One (1) of the Indictment charged the four co-defendants with knowingly, intentionally and unlawfully combining, conspiring, confederating, and agreeing together with each other, to commit an offense against the United States, to wit, to possess with intent to distribute and distribute multi-kilogram quantities of controlled substances, that is, five (5) kilograms or more of cocaine a Schedule II, Narcotic Drug Controlled Substance, a violation to Title 21, United States Code, Section 841(a)(1), all in violation to Title 21, United States Code, Sections 846

---

[1] Cr. D.E. is the abbreviation for docket entries in the related criminal case, 04-0079(CCC).

CIVIL 08-2241CCC

and 841(b)(1)(A). Count Two of the Indictment charged Petitioner along with two (2) other co-defendants with knowingly and intentionally possessing with intent to distribute approximately five (5) kilograms gross wight of a mixture and substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance, all in violation of Title 21, <u>United States Code</u>, Sections 841(a)(1), 841(b)(1)(A) and Title 18, <u>United States Code</u>, Section 2. (Cr. D.E. 2). On March 1, 2005, a jury trial began against Petitioner and three (3) of his co-defendants[2] (Cr. D.E. 143). The trial lasted twenty-two(22) days. On April 14, 2005, the jury found Petitioner Mangual-García guilty as to both Counts One (1) and Two (2) of the Indictment[3] (Cr. D.E. 263). On August 2, 2005, Petitioner Mangual-García was sentenced by the Court to serve a term of imprisonment of three hundred and sixty four (364) months as to each of Count One (1) and Two (2) of the indictment (Cr. D.E. 308). The term of imprisonment was to be served concurrently with each other. Mangual-García was further sentenced to terms of supervised release of five (5) years as to Count One (1) and four (4) years as to Count Two (2), to be served concurrently with each other. Petitioner was also ordered to pay a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction for a total of two hundred dollars ($200.00) (Cr. D.E. 308). On August 5, 2005, Petitioner filed a Notice of Appeal (Cr. D.E. 311). On September 18, 2007, the Court of Appeals issued its Opinion which affirmed Petitioner Mangual-Garcia's conviction and sentence, <u>United States v. Mangual-Garcia</u>, 505 F.3d 1 (1st Cir. 2007).

---

[2]On November 25, 2004 co-defendant Gilberto Villanueva was arrested. (Cr. D.E. 1102).

[3]Co-defendants Gilberto Villanueva and Irvin Caraballo were also found guilty as to counts one (1) and two(2). Co-defendant Carlos Escobar was found not guilty. (Cr. D.E. 263).

CIVIL 08-2241CCC

**II. DISCUSSION**

In his Petition under 28, U.S.C. §2255, Petitioner raises a variety of claims of ineffective assistance of counsel.

1. Counsel was ineffective for not informing Petitioner that the Government had made a plea offer prior to the start of trial.

2. Counsel was ineffective for allowing Petitioner to be charged and convicted for possession of more than five (5) kilograms of cocaine.

3. Counsel was ineffective for not arguing that a government informant was unsupervised when he conducted unconstitutionally recorded conversations.

4. Counsel was ineffective for not arguing that Petitioner's sentence was improperly enhanced for leadership role.

5. Counsel was ineffective for not using the discovery information at his disposal to prove that the testifying witness informant has stated during his grand jury testimony that the Petitioner was not selling drugs during 2002.

6. Counsel was ineffective for not challenging the false evidence of the December 22, 2003 airport arrest.

7. Counsel was ineffective for not challenging the 50-150 kilograms improperly attributed to Petitioner.

8. Counsel was ineffective for being late in pursuing a Fed.R.Crim.P. 29 acquittal for Petitioner.

9. Counsel was ineffective for not challenging the information that was presented to the jury against Petitioner allegedly in violation of Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004).

10. Counsel was ineffective for not pursuing that the Informant was a fabricated paid informant by the Government who lied and fabricated false evidence against Petitioner.

CIVIL 08-2241CCC

11. Counsel was ineffective for not challenging the Government on the color of the exact bag that was said to have been one color, but was a totally different color in the video shown to the jury.

12. Counsel was ineffective for not challenging the legal basis as to why the Judge allowed eleven witnesses to testify before the jury improperly and unconstitutionally because their testimony had absolutely nothing to do with the case against Petitioner.

13. Counsel was ineffective for not explaining to Petitioner the difference between going to trial and pleading guilty.

14. Counsel was ineffective for not arguing that juror number five (5) was improperly dismissed and for not challenging the Court on why the juror could not state in open court the reasons she had for not being able to continue with the trial.

15. Counsel was ineffective for nor pursuing Petitioner's direct appeal to the Supreme Court despite his promise to Petitioner that he would do so.[4]

**A. 28 U.S.C. §2255 standards and exhaustion requirements**

Title 28 U.S.C. §2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States,

2. the court was without jurisdiction to impose the sentence,

3. The sentence was in excess of the maximum authorized by law  or

4. The sentence is otherwise subject to collateral attack.

---

[4]The Court has listed all fifteen (15) arguments as listed by Petitioner in his motion. For the purpose of this Opinion some will be consolidated as they refer to related matters.

CIVIL 08-2241CCC

When a prisoner files a motion for relief pursuant to §2255, the Court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a §2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claims in a §2255 motion. <u>United States v. Essig</u>, 10 F.3d 968 (3d Cir 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent §2255 motion, unless the defendant can establish "cause and prejudice," <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice." <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a §2255 motion.

### B. Claim of Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." <u>Strickland</u>,466 U.S. at 688. Under <u>Strickland</u>, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" <u>Strickland</u>, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

CIVIL 08-2241CCC

different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A claim of ineffective assistance of counsel requires us, therefore, to first address Mangual-García's non-compliance with the requisites in Strickland v. Washington, 466 U.S. 668 (1984). It is pellucidly clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. See also López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each particular instance in which he claims ineffective assistance of counsel. Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. See Strickland, 466 U.S. at 689. Therefore, the Supreme Court has stated that "judicial scrutiny of counsel's performance must be highly deferential." See Strickland, 466 U.S. at 689.

Petitioner has sustained his fifteen (15) allegations of ineffective assistance of counsel with conclusory paragraphs without reference to the record. As such, the majority of the allegations are underdeveloped and mere blanket assertions of ineffectiveness which this Court finds hard to evaluate. The only exception s are allegations one (1) and thirteen (13):

> **\* Consel was ineffective for not informing Petitioner that the Government had made a plea offer prior to the start of trial (allegation one (1)).**
>
> **\* Counsel was ineffective for not explaining to Petitioner the difference between going to trial and pleading guilty (allegation thirteen (13)).**

It is settled law that a defendant has a right to be informed by his counsel of a plea offer. Ordinarily, counsel's failure to do so constitutes ineffective assistance of counsel. United States v. Rodríguez Rodriguez, 929 F2d. 747 (1st Cir.1991). Petitioner claims that counsel never informed him that the Government had made a plea offer that represented less jail time than what he obtained by going to trial and being found guilty by a jury.

CIVIL 08-2241CCC

Mangual-García further alleges that his counsel never clearly explained to him the differences between going to trial and pleading guilty and that he found out about the plea offer once it was to late for him to accept.

  A review of the record indicates that on June 24, 2004, trial counsel filed a motion in Petitioner's criminal case requesting a continuance of trial (Cr. D.E.. 40).  The grounds for the continuance were that a possible plea agreement was being negotiated with the government.  In its Reply to Petitioner's §2255 motion the government states that it was unable to locate any additional information in its records, aside from Cr. D.E. 40, that establishes a possible plea negotiation (docket entry 8 at pag. 12).  The reality of the situation is that it is unclear whether there were plea negotiations between the parties and there is no evidence on the record that would establish that Mangual-García was either informed of a possible plea offer or explained the advantages and disadvantages between pleading guilty and going to trial.

  It is well established that counsel's failure to advise a client of the existence of a plea offer constitutes constitutionally deficient representation under the first prong of <u>Strickland</u>. <u>United States v. Rodríguez</u>, 929 F2d. 747, 752 (1st Cir.1991).  Here, the record is void of information that would shed light on this matter and help evaluate Petitioner's claim of ineffectiveness as to his possible plea offer.  Furthermore, courts are not privy nor do they participate in any part of a plea negotiation process.  Therefore, this Court cannot issue an informed judgment on this matter with the information that is currently available.  As such, as to allegations one (1) and thirteen (13) the Court finds that an evidentiary hearing is needed in order for both the Government and trial counsel to present evidence that would allow it to properly evaluate and adjudicate this matter.

> **\* Counsel was ineffective for allowing Petitioner to be charged and convicted for possession of more than five (5) kilograms of cocaine (allegation two (2)).**
>
> **\* Counsel was ineffective for not arguing that Petitioner's sentence was improperly enhanced for leadership role (allegation four (4)).**

CIVIL 08-2241CCC

> **\* Counsel was ineffective for not challenging the fifty (50) to one hundred and fifty (150) kilograms improperly attribute to Petitioner (allegation seven (7)).**

In allegations two (2), four (4) and seven (7), Mangual-García is raising variations of what is referred to as a Booker error.  Petitioner contends that he was indicted prior to United States v. Booker, 543 U.S. 220 (2005), and that the sentence he received by this Court was under a preponderance of evidence standard which allowed us to find Petitioner responsible for as much as one hundred and fifty (150) kilograms of cocaine under a mandatory sentencing guideline system that was in effect at the time of his sentence (docket entry 2 at page 7).  Petitioner's allegation contravenes the record.

Booker was decided by the Supreme Court of the United States on January 12, 2005, and Mangual-García was sentenced by this Court on August 2, 2005 (D.E. 308).  Prior to sentencing this Court issued its order as to Petitioner's objections to the drug quantity being used for sentencing and his leadership role (Cr.D.E. 307).

> Turning to the specific objections to the guideline calculations, we address first the challenge to the drug amount attributed to defendant Mangual García.  It is axiomatic that drug quantity is to be derived from all acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction."  USSG Sec. 1B1.3(a)(2).  "The essential inquiry is not what the defendant knew but what acts were reasonably foreseeable to him."  United States v. Santos, 357 F.3d 136, 140 (1st Cir 2004).  The Court need only to support a drug-quantity determination by a preponderance of evidence.  United Sates v. Sepúlveda, 15 F.3d 1161, 1198 (1st Cir. 1993).  In this regard, the Court has reviewed its trial notes on the testimony of cooperating witness Luis Oscar Escobar López, who testified extensively on the modus operandi of the conspiracy of which defendant Mangual García was part.  His testimony established that the conspiracy was successful in transporting in excess of 50 kilos of cocaine from Puerto Rico to the mainland on commercial flights by placing the drugs on fruit baskets or wrapped as gifts inside trash cans on the planes' bathrooms, and that said amount was reasonably foreseen by defendant Mangual as in most of the shipments he was to co-conspirator who provided the drugs.  Thus, the U.S. Probation Officer's determination that the conspiracy involved at least 50 kilograms, warranting a base offense level of 36, is clearly supported by the record.

Cr. D.E.307 at p. 2.[5]

---

[5]The Court provides a similarly detailed analysis in establishing its findings for a leadership role enhancement.  See Cr. D.E. 307 at p. 2.

CIVIL 08-2241CCC

At sentencing the Court did two things: it based its sentencing determinations on the findings it reached in its previous order (Cr. D.E. 307) and was very clear in establishing that Petitioner was being sentenced using what was deemed an advisory Sentencing Guideline system.

> The Court: The court has considered all the applicable adjustments under the now advisory Federal Sentencing Guidelines.... (S.H. Tr. At p. 24).

A <u>Booker</u> error is the use of the guidelines under a mandatory system, <u>United States v. Antonakopolous</u>, 399 F.3d 68, 74 (1st Cir. 2005), which the Court clearly did not do. Furthermore, in order to preserve a <u>Booker</u> error, a defendant must assail, "as a constitutional violation, the imposition of enhancements that bring his sentence above the maximum sentence authorized by jury fact-finding or admitted facts." <u>Unites States v. Fornia-Castillo</u>, 408 F.3d 52, 73 (1st Cir.2005); <u>United States v. Martins</u>, 413 F.3d 139, 153 (1st Cir. 2005). Clearly, the record reflects that a <u>Booker</u> error did not occur.

Furthermore, the Court of Appeals in discussing Petitioner's appeal stated that "there was sufficient evidence at trial for the jury to conclude that Mangual García constructively possessed the requisite amount of drugs during the events of December 21-22. First, the record contains evidence that the drugs involved in the conspiracy were owned by Mangual García." <u>United States v. Mangual-Garcia</u>, 505 F.3d 1 at p.13. The Court went on to conclude that the District Court did not err in its sentencing findings of Mangual-García, 505 F.3d at p. 14.

Having established that Petitioner's claim of ineffective assistance of counsel as to allegations two (2), four (4) and seven (7), claims of <u>Booker</u> error, are meritless, the same are hereby **DENIED**.

> **\* Counsel was ineffective for not arguing that a government informant was unsupervised when he conducted unconstitutionally recorded conversations (allegation three (3)).**
>
> **\* Counsel was ineffective for not using the discovery information at his disposal to prove that the testifying witness informant has stated during his**

CIVIL 08-2241CCC

>   **grand jury testimony that Petitioner was not selling drugs during 2002 (allegation five (5)).**
>
>   **\* Counsel was ineffective for not pursuing that the Informant was a fabricated paid informant by the Government who lied and fabricated false evidence against Petitioner (allegation ten (10)).**

These three separate allegations of ineffective assistance of counsel are all related to cooperating witness Luis Escobar-López. Petitioner's allegations are contrary to the record. First, it is clearly established that Escobar-López was not a paid Government informant but a cooperating witness. Second, during trial the Court made the necessary evidentiary rulings in order to admit the tape recorded conversations. A reading of the Court of Appeals' opinion exemplifies the analysis of the record.

>   On March 7, 2005, the district court issued its preliminary admissibility ruling, concluding that the preponderance of the evidence so far leads us to conclude that Mr. Vélez-García was a 'bona fide' co-conspirator in the conspiracy charged and not an informant. In making this ruling, the district court relied on: the allegations of the indictment that the conspiracy lasted from November 2000 to December 2002, and FBI "302 report" of an interview with Escobar-López in which he said Vélez-García was a member of the conspiracy, the tape recordings themselves, the testimony up to this moment of task force agent Víctor López, and an FBI certification letter that listed the dates that Vélez-García was a cooperating witness as May 16, 2000 through August 16, 2002, and February 11, 2003 through May 7, 2003. The appellants take issue with the district court's reliance on this last piece of evidence, arguing that the author of the certification letter, FBI Special Agent in Charge Luis Fraticelli, did not testify at trial and therefore was not subject to cross-examination, allegedly in violation of the appellant's Sixth Amendment right to confront the witness against them. We find no error in the district court's reliance on the Fraticelli letter in making its preliminary admissibility determination.... The government presented significant admissible evidence at trial that Vélez-García was a co-conspirator, not a government informant, at the time of the tape recordings.

United States v. Mangual-García, 505 F.3d 1 at pgs. 9-10.

Thus, the First Circuit already examined the issues as to Government informant versus co-conspirator and the admissibility of the tape recordings and other statements and, after a review of the evidence, found that the allegations of informant and inadmissibility of his testimony were improper.

CIVIL 08-2241CCC

Furthermore, Petitioner's Sixth Amendment right to confront a witness was not violated by the use of Special Agent in Charge Luis Fraticelli's certification letter. Mangual-García had the opportunity to cross-examine Special Agent Marrero who testified at trial as to the exact same dates as stated in the letter, and as to Vélez-García's status a cooperating co-conspirator. (T.Tr. 3/9/05 at pages 25-27). This made unnecessary the testimony of Special Agent in Charge Fraticelli.

Finally, as to the testimony of Escobar-López, Petitioner claims that counsel was ineffective for not using Brady materials to challenge the testimony of what he terms were false witnesses. This allegation is also contrary to the record. At trial, Escobar-Rivera testified as to the defendants' (including Petitioner) participation in a drug trafficking conspiracy and their attempt to ship approximately five (5) kilograms of cocaine on December 22, 2002. This testimony was corroborated by testimony and evidence related to the seizure of a cocaine shipment in 2000 and another shipment in 2001 by law enforcement authorities (T.Tr. 3/10/05 at pages 24-26; 28-29; 33-35; T.Tr. 3/18/05 at pages 45-55; 63-66; 80-87; 97-105). In addition, a number of tape recorded telephone conversations and two (2) video recordings involving Gilberto Villanueva, Mangual-García and other co-conspirators which resulted in the seizure of approximately five (5) kilograms of cocaine on December 22, 2002 was also introduced as evidence. (T.Tr. 3/3/05 at pages 1-17; 21-24; 32-35; T.Tr. 3/10/05 at pages. 56; 61; 64-114; T.Tr. 3/11/05 at pages 12-42).

The record clearly indicates that the government presented overwhelming evidence of Mangual-García's participation in the conspiracy and drug trafficking offenses and that, in addition, all its witnesses were cross examined by Petitioner's counsel.[6] Having

---

[6]The Court also notes that Petitioner raised these issues on direct appeal. Therefore, the same are foreclosed on collateral review. Berthoff v. United States, 308 F.3d 124 (1st Cir. 2002).

CIVIL 08-2241CCC

established that Petitioner's claim of ineffective assistance of counsel as to allegations three (3), five (5) and ten (10) are meritless, the same are hereby **DENIED**.

> **\* Counsel was ineffective for not challenging the false evidence of the December 22, 2003, non-airport arrest (allegation six (6)).**

Petitioner alleges that his counsel was ineffective for not challenging evidence related to a December 22, 2003 non-airport arrest. He makes no reference to the record on this matter nor sheds light as to what evidence or which witness testified as to this event. This argument is waived since Petitioner failed to make reference to the record. Cody v. United States, 249 F.3d 47(1st Cir.2001).

Nevertheless, the Court of Appeals evaluated all the evidence submitted in this case and concluded that "there was sufficient evidence at trial for the jury to conclude that Mangual-García constructively possessed the requisite amount of drugs during the events of December 21-22." United States v. Mangual-García, 505 F.3d 1 at p.13.

Having established that Petitioner's claim of ineffective assistance of counsel as to allegation six (6) is not sustained by the record and since Petitioner has not met his required Strickland burden and the record contradicts his allegation, Petitioner's claim of false evidence unchallenged is meritless and the same is hereby **DENIED**.

> **\* Counsel was ineffective for not challenging the unjustified information that was presented to the jury against Petitioner in violation of Crawford v. Washington (allegation nine (9)).[7]**

Petitioner alleges that his counsel was ineffective because he failed to object when other individuals were heard on the tape recording presented to the jury as evidence of the conspiracy as charged.

Once again, Petitioner's argument lacks merit and is unsupported by the record. The taped conversations that were submitted to the jury were those of cooperating co-conspirator

---

[7] Allegation number eight (8) will not be discussed as it was waived by Petitioner in his brief. See docket entry 2.

CIVIL 08-2241CCC

Escobar-López with other members of the conspiracy. The same were conversations dealing with the transportation of shipments of cocaine from Puerto Rico to the mainland. There was ample evidence that corroborated the statements that were on the tapes which involved Petitioner in the conspiracy. Vélez-García was available for cross examination and in fact went through a lengthy cross examination as to the statements made. This in no way is a violation of Crawford v. Washington, 541 U.S. 36 (2004).

Petitioner further claims that his Sixth Amendment right to confront a witness was also violated by the Court allowing as evidence a letter issued by Special Agent in Charge Fraticcelli. Mangual-García alleges that he should have had the opportunity to cross examine Fraticcelli on the information contained in the letter.

This allegation also contravenes the record. The information in said letter is an official certification by the F.B.I. used to establish the dates in which cooperating co-defendant Vélez-García was acting as a cooperating witness for the F.B.I. and recording the conversations later used in trial. Petitioner's counsel had the opportunity to cross examine Special Agent Marrero on this issue and in fact did so. S.A. Marrero testified as to the exact dates and status with the F.B.I. throughout Vélez-García's relationship with the F.B.I. (T.Tr. 3/09/05, at pages 25-27).

Petitioner's allegation of violations of Crawford and to his Sixth Amendment rights are unfounded and unsupported by the record. Therefore, the allegation of ineffective assistance of counsel based on Crawford v. Washington is **DENIED**.

> **\* Counsel was ineffective for not challenging the Government on the color of the exact bag that was said to have been one color, but was a totally different color in the video shown to the jury (allegation eleven (11)).**

Mangual-García states that his counsel should have challenged and objected to the introduction of evidence of a bag on a video recording for it was different from the color used to describe the bag by a previous witness. Petitioner raises this complaint without stating

CIVIL 08-2241CCC

which witness he is referring to and once again without making a single reference to the record. Petitioner has resorted to making blanket statements of ineffective assistance of counsel without meeting the burden of Strickland and without providing this Court with the necessary evidence or references to the record for the Court to evaluate his claim.

Mere assertions of ineffective assistance of counsel are just that--assertions that are not to be entertained by the Court. Ineffective-assistance-of-counsel claims raised in a perfunctory manner in a section 2255 proceeding are deemed waived. Cody v. United States, 249 F.3d 47 at 53 n.6 (1st Cir.1997).

Having established that Petitioner's claim of ineffective assistance of counsel as to allegation eleven (11) is not sustained by the record and since Petitioner has not met his required Strickland burden and the allegation is merely perfunctory, Petitioner's claim of ineffectively challenging the admissibility of a bag is meritless and the same is hereby **DENIED**.

> \* **Counsel was ineffective for not challenging the legal basis as to why the Judge allowed eleven witnesses to testify before the jury improperly because their testimony had absolutely nothing to do with the case against Petitioner (allegation twelve (12)).**

Petitioner's argument as to the testimony of a number of witnesses of a separate conspiracy and how prejudicial it was for him was the central argument of his appeal before the Court of Appeals. The Court made a meticulous review of the record and determined that on this matter the trial court acted properly. Since this issue was raised on direct appeal the same is foreclosed on collateral review. Berthoff v. Unites States, 308 F.3d 124 (1st Cir. 2002). Nevertheless, for Petitioner's benefit, the Court will restate the analysis of the First Circuit on this matter.

It is undisputed that five of the government's eleven witnesses testified about a separate December 8 conspiracy. Petitioner was not a party to this conspiracy. The government did not advise defendants of the error until April 6, 2005, during the jury charge

CIVIL 08-2241CCC

conference after the government had rested. The defendants immediately objected and filed a motion for new trial the next day, which the Court denied. United States v. Mangual, 505 F.3d 1 at p. 6. Following a determination of improper linkage, the Court instructed the jury to strike all of the testimony related to this event from their memory and provided curative instructions to the jury on the matter.[8] The record also reflects that Petitioner's counsel, as well as those for the co-defendants, adamantly and relentlessly argued for a new trail on the matter, an argument which they ultimately lost. At no time during this event did Petitioner's counsel sit idly by and just watched the events unfold.

"This court has repeatedly held that a strong, explicit, and thorough curative instruction to disregard improperly admitted evidence or improper comments by the prosecutor is generally sufficient to cure any prejudice. The record discloses significant other evidence that could have been the basis for the jury's guilty verdict, and the December 8 evidence was not central to the government's theory of the case. In fact, there was no specific testimony at trial that linked the appellants to the December 8 events." United States v. Mangual García, 505 F.3d 1 at pages 8-9.

Contrary to being ineffective, the record clearly establishes that Petitioner's counsel was adamant as to guarding Mangual-García's rights and interest in this matter. Having established that Petitioner's claim of ineffective assistance of counsel as to allegation twelve (12) is not sustained by the record and since Petitioner has not met his required Strickland burden, the same is hereby **DENIED**.

> **\* Counsel was ineffective for not arguing that juror number five (5) was improperly dismissed and for not challenging the court on why the juror could not state in open court the reasons she had for not being able to continue with the trial (allegation fourteen (14)).**

Petitioner's claim that counsel was ineffective because he failed to challenge the

---

[8] The record reflects that at least on three separate occasions the Court provided curative instructions on this matter.

CIVIL 08-2241CCC

discharge of a juror prior to verdict is meritless.  The record reflects that juror number five (5) became ill and was replaced with an alternate juror.  The record further establishes that the Court met with the juror in private and later held an in-chambers conference with all the attorneys.  The attorneys were advised of what had been spoken with the juror.[9]  (T.Tr. 4/14/05 at pages 2-3).  The Court proceeded to advise the attorneys of the situation and that the juror would be substituted by an alternate juror.  There was nothing improper as to how the Court handled this matter.[10]  Following the juror's dismissal, the Court then proceeded to bring out the entire jury panel to advise them that a juror had been substituted and they were instructed to start their deliberation process from scratch.  (T.Tr. 4/14/05 at p. 3).

Having established that Petitioner's claim of ineffective assistance of counsel as to allegation fourteen (14) is not sustained by the record and that the same is  meritless, it is hereby **DENIED.**

> **\* Counsel was ineffective for not pursuing Petitioner's direct appeal to the Supreme Court despite his promise to Petitioner (allegation fifteen (15)).**

Petitioner alleges that counsel was ineffective because he failed to seek further appellate review of his case once the Court of Appeals  had issued its opinion.  In the instant case Petitioner cannot make a showing of prejudice since he was not deprived of his appeal right.  Roe v. Flores-Ortega, 528 U.S. 470 (2000).  Furthermore, the Supreme Court has explicitly held that the failure to file a petition for discretionary review does not constitute ineffective assistance of counsel.  Coleman v. Thompson, 501 U.S. 722 (1991).  The right to effective assistance of counsel is not breached by the failure to file a petition for review by the Supreme Court.  Wainwright v. Torna, 455 U.S. 586 (1982).

---

[9]The conversation between the Court and juror number five (5) was held outside the presence of the other jurors.

[10]The Court is in no way required to bring the excused juror out to open court and have him/her explain  the reasons for his/her dismissal.  This idea suggested by Petitioner is simply not the normal procedure as to how these situations are handled.

CIVIL 08-2241CCC

Having established that the failure to file for further appellate review does not constitute ineffective assistance of counsel, Petitioner's allegation fifteen (15) is **DENIED**.

**Cumulative errors effect**

Petitioner's last attempt to configure an ineffective assistance of counsel claim is to aver that all these errors put together cause so much prejudice that they obliterated his constitutional right to a fair trial and his convictions should be vacated.

This claim of cumulative errors was already raised by Mangual-García on direct appeal and the Court of Appeals dismissed the same, so it cannot be renewed collaterally. Withrow v. Williams, 507 U.S. 680 (1993).

In any event, in order to prevail under the cumulative effect doctrine Petitioner must establish both deficient conduct and prejudice with respect to each of his individual claims of ineffective assistance of counsel, which he has not done. Hall v. Luebbers, 296 F.3d 685 (8th Cir. 2002). Therefore, since Mangual-García has failed to met the standard for cumulative effect this final allegation and request for his sentence to be vacated is **DENIED**.

**III. CONCLUSION**

For the reasons stated above, Petitioner Andy William Mangual-García's Motion Under 28 U.S.C. §2255 is **GRANTED** in part and **DENIED** in part. Thus, as to the allegations surrounding Petitioner's alleged plea offer and his lack of knowledge, the Court refers the matter to a U.S. Magistrate-Judge for an evidentiary hearing and a Report and Recommendation. All other allegations for relief raised in the Motion are hereby DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on January 20, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge