IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANDY WILLIAMS MANGUAL-GARCIA
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 08-2241CCC

## OPINION AND ORDER

Petitioner Andy Williams Mangual-García ("Mangual") was found guilty after a jury trial on two counts charging him with violating the controlled substances laws of the United States, and on August 2, 2005 was sentenced to serve three hundred sixty-four (364) months of imprisonment.  After his direct appeal was rebuffed by the Court of Appeals which affirmed both his conviction and sentence on September 18, 2007, Mangual collaterally attacked his sentence under 28 U.S.C. § 2255 claiming that he was ineffectively assisted by his trial counsel Jorge Armenteros-Chervoni ("Armenteros").  We denied most of his claims of ineffective assistance on January 21, 2010 (D.E. 11), but referred two specific claims for an evidentiary hearing to then U.S. Magistrate-Judge Justo Arenas, to wit, that counsel had failed to inform him about a plea offer made by the government prior to the start of trial and that counsel did not inform him the difference between going to trial and pleading guilty.  After holding the hearing on May 25, 2010, Magistrate-Judge Arenas rendered a report on June 4, 2010 (D.E. 21) where he recommended that Mangual's surviving allegations of ineffective assistance of counsel be denied.   We adopted said report, which petitioner failed to object, on November 30, 2010 (D.E. 26), and dismissed his 28 U.S.C. § 2255 motion on that same date (D.E. 27).

CIVIL 08-2241CCC                    2

Mangual appealed said dismissal, and on March 1, 2012 the Court of Appeals vacated the judgment denying the claims that were the subject of the evidentiary hearing conducted on May 25, 2010 (i.e. that counsel was ineffective in failing to advise the petitioner of the details of a plea offer and in failing to explain to him the difference between pleading guilty and going to trial) given that petitioner had not been represented by appointed counsel during said hearing.  See D.E. 57.  The Court cited to Bucci v. United States, 662 F.3d 18 (1st Cir. 2011), asserting that Rule 8(c) of the Rules Governing Section 2255 Proceedings requires the appointment of counsel for indigent petitioners if an evidentiary hearing is held.  The Court of Appeals remanded the case with instructions that petitioner be appointed counsel and to conduct a new evidentiary hearing on the two claims at issue.  Pursuant to the Mandate, petitioner was appointed counsel and a new evidentiary hearing was ordered before a Magistrate-Judge, to be held within forty-five days after newly designated counsel filed the notice of appearance (D.E. 59).  Two evidentiary hearings were held before U.S. Magistrate-Judge Marcos López on September 7 and 25, 2012.   He subsequently filed a Report and Recommendation on December 31, 2013 (D.E. 96) where, albeit finding that counsel Armenteros legal representation of petitioner "fell below an objective standard of reasonableness," he ultimately concluded that Mangual did not suffer prejudice "because no matter what plea offer the government could have extended, [he] would have insisted on going to trial as he believed that no co-conspirator would take the stand and testify at trial." Id., at p. 18.  Thus, he recommended that Mangual's § 2255 Motion be denied.

Our review of the Magistrate-Judge's Report revealed that, throughout his analysis and in reaching his conclusion, he made reference to testimony from petitioner and counsel Armenteros that had been elicited during the

CIVIL 08-2241CCC                    3

May 25, 2010 hearing before Magistrate-Judge Arenas, which according to the holding in <u>Bucci</u> had to be treated as a nullity.  Upon finding that Magistrate-Judge López erred in using testimonies from the May 25, 2010 hearing, we recommitted the matter to him pursuant to 28 U.S.C. § 636(b)(1)(C) on July 21, 2014 "for a new Report and Recommendation that treats the May 25, 2010 hearing as a nullity."  D.E. 101 at p. 3.

Magistrate-Judge López filed his Amended Report and Recommendation ("AR&R") on August 18, 2014 (**D.E. 102**), which petitioner objected on September 8, 2014 (D.E. 103).

The first prong of the two-part <u>Strickland</u> test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984) -- whether trial counsel's performance was deficient when measured by standards of objective reasonableness -- has been met.  As to the second prong -- which requires that the Court determine if counsel is found to have been deficient, whether the attorney's deficient performance prejudiced petitioner -- the U.S. Magistrate-Judge answered "NO" in his Amended Report and Recommendation (D.E. 102).

The following assertions set forth by the U.S. Magistrate-Judge regarding the evidence of the testimonies provided during the hearing are relevant to his flawed analysis regarding the second inquiry on prejudice.  The Court is not striking credibility findings made by the Magistrate-Judge such as that he had "no reason to doubt counsel Armenteros' testimony that he communicated to petitioner the government's willingness to recommend a 14-year term of imprisonment" in consideration for a guilty plea.  AR&R, p. 5.  The related findings or observations as to whether counsel explained to petitioner the details of the 14-year plea offer are relevant.  Also relevant is the finding that "counsel Armenteros was not clear as to whether a 10-year offer was ever

CIVIL 08-2241CCC                              4

discussed with petitioner Mangual." AR&R, pp. 5-6. The Report points out that
attorney Armenteros testified that "the prosecutor mentioned that the lowest
she would go would be 10 years." Asked what he did regarding the 10-year
offer, he expressed "this is where I have my doubts. I'm not exactly sure if
I did, indeed, communicate that offer to Andy." AR&R, p. 6. The
U.S. Magistrate-Judge also found that counsel Armenteros during the hearing
"acknowledged that the 10-year offer was never discussed fully" and that
counsel also averred: "I certainly did not discuss that offer (referring to the
10-year plea offer), as perhaps I should have, as I did with the 14-year offer."
AR&R, p. 6. The Magistrate-Judge then found "that more weight should be
given then to petitioner's contention that he was never made aware of an
option in which the government would be willing to recommend ten years of
imprisonment pursuant to a plea agreement." However, he discarded the
10-year plea offer on the grounds that it was not a formal offer because it was
not in writing, no specific guideline calculations were discussed, and no
expiration date was set. The lack of formality of the 10-year plea offer also
characterized the 14-year plea offer, as the record attests. The rejection by the
Magistrate-Judge of the 10-year offer for lack of formality contrasts with his
recognition of the 14-year plea offer, which was also wanting in formality, as
shown by the following statement given by trial counsel Armenteros at the
September 25, 2012 hearing:

> ARMENTEROS: That is correct. And, the plea was never
> contextualized [sic] in the guidelines before. Okay? Lynn just
> gave me "You get fourteen", and we never really talked about the
> guidelines at all. Okay?

AR&R, p. 9.

CIVIL 08-2241CCC                    5

The Magistrate-Judge ultimately determined in his Report and recommendation that:

> [A] review of the evidence regarding counsel Armenteros's performance during the plea bargaining process shows that his conduct fell, at least in some respects, below an objective standard of reasonableness. Regardless of whether the plea offer communicated was for a sentence recommendation of fourteen years of imprisonment or ten, it is clear that counsel Armenteros did not thoroughly discuss the United States Sentencing Guidelines with petitioner and how they would apply to him in his particular case. Petitioner testified that counsel Armenteros never explained to him the United States Sentencing Guidelines, how said guidelines applied to his case, what the guideline calculations could be if he was convicted at trial, and the benefits of a reduction in points for acceptance of responsibility if he pled guilty, ECF No. 90, at 9, 10.   Counsel Armenteros's testimony did not contradict petitioner's testimony as to these matters.
>
> COURT : Mr. Armenteros, did you ever discuss the United States Sentencing Guidelines with the petitioner, Andy Williams Mangual-García?
>
> ARMENTEROS : I mentioned the Sentencing Guidelines. But, did I discuss them as pertaining to the case? The answer is no . . . Did we go into how we would fit into the Sentencing Guidelines in his sentence? The answer is no.
>
> ECF No. 87, at 18, 19.

AR&R, pp- 7-9.

> The Magistrate-Judge unequivocally concluded that:

> Simply mentioning the existence of United States Sentencing Guidelines to a client is not enough; an attorney has the duty to explain to a client, to the extent reasonably possible, potential scenarios of applicable calculations within the particular context of the circumstances of the case and the defendant's criminal history. A discussion of the United States Sentencing Guidelines may help a defendant to understand why the prosecutor is making a particular sentencing recommendation, or to make a counteroffer based on different or adjusted guideline calculations.

AR&R, p. 9.

Regarding the issue whether counsel failed to advise petitioner of the difference between pleading guilty and going to trial, the Magistrate-Judge also

CIVIL 08-2241CCC                6

found that counsel's legal representation of Mangual fell below an objective

standard of reasonableness.  The Magistrate-Judge specifically found that:

> Counsel Armenteros . . . never mentioned to Mangual the statutory
> minimum terms of imprisonment contingent upon the quantities of
> controlled substances involved in the offense.  ECF No. 87 at 18.
> He is also not sure of whether he warned the petitioner of the
> maximum term of imprisonment that he was facing as to both
> counts of the indictment if convicted, that is, life.  Moreover, as
> previously stated, counsel Armenteros did not explain the United
> States Sentencing Guidelines to his client either in the context of
> a plea offer or trial, if convicted.

AR&R, p. 10.

Upon reaching the second prong of the <u>Strickland</u> test -- whether the

attorney's deficient performance prejudiced petitioner Mangual -- the

Magistrate-Judge observed that  "[c]ounsel Armenteros' candid admission of

his failure to thoroughly discuss with his client the ramifications of the

alternatives of pleading guilty versus going to trial presents serious concerns."

AR&R, pp. 12-13.  The Magistrate-Judge then turned to the issue of whether

there was a reasonable probability that petitioner would have accepted the plea

bargain offer.  He focused on whether petitioner would have taken the 14-year

plea offer and discarded the 10-year plea offer as to which he had found that

there was a reasonable probability that Mr. Mangual would have accepted it.

Again, the 10-year plea offer was not a part of the reasonable probability

acceptance analysis since it was rejected by the Magistrate-Judge as an

informal offer.  The Magistrate-Judge's conclusions regarding Mr. Mangual's

"hesitation and equivocal answer to the question of whether he would have

taken the 14-year plea offer" is based on the following colloquy:

> PROSECUTOR:  Mr. Mangual, if the good time credits and credits
> for treatment programs were unable to bring the fourteen years
> down to eight years, if it would be higher than eight years, you
> would have rejected it, right?
>
> PETITIONER:  At that point in time, I don't know. I can't tell you
> one way or the other. Right now, I could say maybe I would have

because I've already been in for nine years, but, back then, I don't know.  But, maybe, if he had told me that, if I had gone to trial I would have gotten many more years, then maybe I would have.

AR&R, at p. 14.

Magistrate-Judge López determined that "petitioner's 'maybe' is an invitation to speculate" and concluded that "although petitioner clearly received ineffective assistance of counsel he has not shown that he has suffered prejudice as a result of his trial counsel's performance."  AR&R, p. 15.  As observed in United States v. Day, 969 F.2d 39, 43 (3rd Cir. 1992), "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty."  That knowledge was precisely what petitioner lacked prior to going to trial. According to his testimony, he had already served nine years of imprisonment at the time of the September 7, 2012 hearing.  The statement that "back then . . . if the attorney had told him that if he went to trial he would get many more years (referring to the 14-year offer) then maybe he would have accepted such offer" is not an invitation to speculate but, rather, the direct result of counsel having failed to explain to petitioner the different sentence exposure that he faced between going to trial and accepting the 14-year plea offer.

It is unfair to conclude that petitioner has merely proffered speculation on whether he would have with reasonable probability pled guilty back in 2005. This petitioner received no guidance or counseling that would have allowed him to reasonably decide whether to accept the plea offer.  He was placed in a situation in which he was not even told what his exposure was, if convicted. The lack of timely guidance prior to facing trial planted the seeds of prejudice for petitioner did not have the tools that only sound legal advice could have provided to allow him an informed choice.  The "maybe" does not translate into a rejection of the plea offer.  His statement is simply that, had counsel

CIVIL 08-2241CCC                              8

effectively assisted him, he would have been able to decide which path to follow:  whether to risk a sentence unknown to him at the time or take a concrete plea offer, both of which at a minimum required that counsel make him privy to the structure and contents of the applicable sentencing guidelines. Deprived of this basic knowledge, deprived also of the guidance needed to compare his exposure in each of these scenarios, the Magistrate-Judge's conclusion that petitioner failed to show prejudice is unfounded because petitioner's ability to discern and choose between standing trial or pleading guilty was impaired on account of his attorney's undisputedly deficient legal advice.

The Court finds that both prongs of the Strickland test have been met as petitioner's trial counsel was ineffective in failing to advise him on the details of the plea offers received from the government, the applicability and comparison of the sentencing guidelines in a guilty plea or after trial conviction setting, and, in failing to explain to him the difference between pleading guilty and going to trial as well as the consequences of each with respect to prison time, all of which caused him prejudice.  Accordingly, petitioner's 28 U.S.C. § 2255 Motion (D.E. 1) is GRANTED, and his convictions and sentences in Crim. No. 04-0079(CCC) are VACATED.    Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on July 14, 2015.


S/CARMEN CONSUELO CEREZO
United States District Judge